Filed
1/16/2015 11:56:16 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2015CCV-60086-1

| | | |
|---|---|---|
| ALEXANDRO PUGA AND NORMA PUGA<br>*PLAINTIFFS* | § § § § | IN THE COUNTY COURT |
| VS. | § § | OF LAW NO _____ |
| ABOUT TYME TRANSPORT, INC AND XTRA LEASE, LLC<br>*DEFENDANTS* | § § § § | NUECES COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, INJUNCTION, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes ALEXANDRO PUGA and NORMA PUGA, hereinafter referred to by name or as Plaintiffs, and complains of ABOUT TYME TRANSPORT, INC and XTRA LEASE, LLC, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY LEVEL

1. Discovery shall be conducted in this case according to Level III discovery control plan under Rule 190 Texas Rules of Civil Procedure.

### PARTIES/SERVICE

2. Plaintiffs ALEXANDRO PUGA and NORMA PUGA are individuals residing in Woodsboro in Refugio County, Texas.

3. Defendant, ABOUT TYME TRANSPORT, INC, a foreign corporation organized and existing under the laws of Arkansas, whose principal office and registered agent, Robert Thomas, is located at, 15000 Sara Dr., Little Rock, Arkansas 72206, may be served with process in accordance with the Texas long-arm statute by serving the Texas Secretary of State at 1019

**EXHIBIT
A-1**

Brazos Street, Austin, Texas 78701, as its agent for service because defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from defendant's business in Texas pursuant to *Tex. Civ. Prac. & Rem. Code* §§17.044(b), 17.045.

4. Defendant, **XTRA LEASE, LLC** may be served by serving its registered agent, C T Corporation System at 350 N Saint Paul St, Dallas, TX 75201.

## VENUE

5. This court has jurisdiction because the defendants caused a motor vehicle accident in this state and do business in the State of Texas.

6. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs, **ALEXANDRO PUGA** and **NORMA PUGA**, seeks monetary relief OVER ONE MILLION DOLLARS ($1,000,000.00), which is in excess of the minimum jurisdictional limits and a demand for judgment for all the other relief to which Plaintiffs deem themselves justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits.

## FACTS

7. On or about January 9th, 2015, Plaintiff **ALEXANDRO PUGA** was lawfully operating a 2012 Dodge work truck heading southbound on Highway 77 in Refugio County, Texas. Ronald Brown, deceased, was operating a 2006 Tractor-trailer owned by Defendant, **ABOUT TYME TRANSPORT, INC**, and hauling a trailer owned by Defendant, **XTRA LEASE, LLC,** headed northbound on Highway 77 in Refugio County, Texas when suddenly, and without warning, the tractor-trailer driven by Ronald Brown crossed over the median and entered the southbound lanes and violently struck Plaintiff's vehicle head on. Ronald Brown was operating the tractor-trailer as

an employee of Defendants **ABOUT TYME TRANSPORT, INC** and/or **XTRA LEASE, LLC**. Ronald Brown was within the course and scope of his employment with Defendants **ABOUT TYME TRANSPORT, INC** and/or **XTRA LEASE, LLC**, at the time of this incident. The incident caused severe injuries to Alexandro Puga.

8.  The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## CAUSES OF ACTION - DEFENDANTS
## ABOUT TYME TRANSPORT, INC AND XTRA LEASE, LLC

### A.  *RESPONDEAT SUPERIOR*

9.  The Defendants, **ABOUT TYME TRANSPORT, INC** and **XTRA LEASE, LLC.** are liable under the doctrine of *Respondeat Superior* in that Ronald Brown was operating the vehicle in the course and scope of his employment with Defendants, **ABOUT TYME TRANSPORT, INC** and/or **XTRA LEASE, LLC.** at the time of the collision.

10.  At the time of the occurrence of the act in question and immediately prior thereto, Ronald Brown, was within the course and scope of his employment with Defendants, **ABOUT TYME TRANSPORT, INC** and/or **XTRA LEASE, LLC.**

11.  At the time of the occurrence of the act in question and immediately prior thereto, Ronald Brown was engaged in the furtherance of Defendants, **ABOUT TYME TRANSPORT, INC** and/or **XTRA LEASE, LLC**'s business.

12.  At the time of the occurrence in question and immediately prior thereto Ronald Brown was engaged in accomplishing a task for which Ronald Brown was employed.

13.  Plaintiffs invoke the doctrine of *Respondeat Superior* against Defendants, **ABOUT TYME TRANSPORT, INC** and **XTRA LEASE, LLC.**

### B.  *NEGLIGENCE*

14. Defendants **ABOUT TYME TRANSPORT, INC** and **XTRA LEASE, LLC.**, were also independently negligent in one or more of the following respects:

    a. negligent hiring of Ronald Brown;

    b. negligent entrustment of the vehicle to Ronald Brown;

    c. negligent driver qualifications;

    d. negligent training and supervision of Ronald Brown;

    e. negligent retention of Ronald Brown;

    f. negligent contracting;

    g. negligent maintenance; and

    h. providing unsafe equipment.

15. As described herein, Defendants, **ABOUT TYME TRANSPORT, INC** and **XTRA LEASE, LLC,** were negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs' injuries and damages.

16. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which they will continue to suffer in the future, if not for the remainder of their natural lives, and the damages and other losses to Plaintiffs.

    C. *GROSS NEGLIGENCE*

17. The above-referenced acts and/or omissions by Defendants constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendants were heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants were aware of the risk but nevertheless proceeded with conscious

indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

18. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

19. Defendants had actual, subjective awareness of the risk involved in the indifference to the rights, safety, or welfare of Plaintiffs and others.

20. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

## EXEMPLARY DAMAGES

21. The above-referenced acts and/or omissions by Defendants constitutes malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiffs. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiffs.

22. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiffs and others.

23.     Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

24.     Therefore, for such malice on behalf of Defendants, Plaintiffs sue for exemplary damages in an amount to be determined at trial.

## DAMAGES

25.     Plaintiffs seek unliquidated damages in an amount that is within the jurisdictional limits of the court.

26.     As a proximate result of the conduct of the Defendants, Plaintiffs **ALEXANDRO PUGA** and **NORMA PUGA** have sustained serious injuries and resulting damages.

27.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff, **ALEXANDRO PUGA**, suffered severe bodily injuries to his legs, neck, back, and other parts of his body generally, including severe burns over his body. Plaintiff's entire body was bruised, battered and contused and he suffered great shock to his entire nervous system. **NORMA PUGA** as the wife of **ALEXANDRO PUGA** has suffered a loss of consortium. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiffs' health and well-being. Some of the effects are permanent and will abide with the Plaintiffs for a long time into the future, if not for their entire lives. These specific injuries and their ill effects have, in turn, caused the Plaintiffs' physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiffs to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, the Plaintiffs suffered great physical and mental pain, suffering

and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

28.     As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

29.     As a further result of the injuries sustained by the Plaintiffs, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

30.     As a consequence of the injuries sustained in this occurrence, Plaintiffs have lost the power to move from place to place. In all reasonable probability, this disability will cause them to suffer long into the future, if not for the balance of their natural lives, all to the damage in an amount that is within the jurisdictional limits of this Court for which they now sue.

31.     By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which they now sue.

32.     Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seeks monetary relief **OVER ONE MILLION DOLLARS ($1,000,000.00)** and a demand for judgment for all other relief to which Plaintiffs deem themselves justly entitled at the time of filing this suit, which, with the passage of time may change.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

33.     Plaintiffs further request both pre judgment and post judgment interest on all their damages as allowed by law.

## REQUEST FOR DISCLOSURE, INTERROGATORIES AND REQUESTS FOR PRODUCTION

34.     Pursuant to the Rule 194, 196 and 197 of the Texas Rules of Civil Procedure, you are requested to disclose and respond within fifty (50) days after service of the citation and petition with the information or material described in Rule 194.2 (a) through (1) as well as the requested material in the attached Exhibits A, B, C, and D Interrogatories and Requests for Production to **ABOUT TYME TRANSPORT, INC** and Interrogatories and Requests for Production to **XTRA LEASE, LLC**, respectively.

### JURY DEMAND

35.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs hereby make application for a jury trial and request that this cause be set on the Court's Jury Docket. Plaintiffs acknowledge payment this date of the required jury fee.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

Comes now, Plaintiffs, **ALEXANDRO PUGA** and **NORMA PUGA**, before this Honorable Court and files a motion for temporary injunction and in connection therewith, present a motion for a temporary restraining order together with their original petition for injunction and affidavit supporting the motion presented.

### I.

Plaintiffs request a temporary restraining order and temporary injunction that unless Defendants **ABOUT TYME TRANSPORT, INC** and **XTRA LEASE, LLC**, their agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy (1) any and all documents related to the incident which occurred on January 9, 2015 on Highway 77 in Refugio County Texas, 1.9 miles south of Refugio, Texas; (2) any and all of the remains of the tractor-trailer involved in the incident

which occurred on January 9, 2015 on Highway 77 in Refugio County Texas, 1.9 miles south of Refugio, Texas; (3) any and all videos and/or photographs of the incident and/or scene located on Highway 77 in Refugio County Texas, 1.9 miles south of Refugio, Texas; (4) any and all witness statements, video, and/or audio of the incident that occurred on January 9, 2015 on Highway 77 in Refugio County Texas, 1.9 miles south of Refugio, Texas; (5) the condition of the trail, roadway, or land where the incident occurred; and (6) any and all tangible evidence, as herein described, they will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiffs will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection, or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiffs from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

## II.

WHEREFORE, PREMISES CONIDERED, Plaintiffs respectfully requests the Court order that Defendants **ABOUT TYME TRANSPORT, INC** and **XTRA LEASE, LLC** its agents, servants, employees or <u>anyone</u> having knowledge of this order are hereby commanded forthwith to desist and refrain from the following:

Taking any action that might alter, damage or destroy (1) any and all documents related to the incident which occurred on January 9, 2015 on Highway 77 in Refugio County Texas, 1.9 miles south of Refugio, Texas; (2) any and all of the remains of the tractor-trailer involved in the incident which occurred on January 9, 2015 on Highway 77 in Refugio County Texas, 1.9 miles south of Refugio, Texas; (3) any and all videos and/or photographs of the incident and/or scene located on Highway 77 in Refugio County Texas, 1.9 miles south of Refugio, Texas; (4) any and

all witness statements, video, and/or audio of the incident that occurred on January 9, 2015 on Highway 77 in Refugio County Texas, 1.9 miles south of Refugio, Texas; (5) the condition of the trail, roadway, or land where the incident occurred; and (6) any and all tangible evidence, as herein described.

### III.

Plaintiffs are not aware of any counsel representing Defendants at this time.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs **ALEXANDRO PUGA** and **NORMA PUGA** respectfully pray the Court enter its Temporary Restraining Order and, upon hearing, Temporary Injunction against the Defendants, **ABOUT TYME TRANSPORT, INC** and **XTRA LEASE, LLC**, that Defendants be cited and required to answer herein according to law, that this cause be set for trial before a jury, that Plaintiffs recover judgment of and from said Defendants, jointly and severally, for their actual damages in this cause in such amounts as the evidence may show and the jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**THOMAS J. HENRY, INJURY ATTORNEYS**
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600
Fax: (361) 985-0601

By: /S/Richard W Hunnicutt
Thomas J. Henry
State Bar No. 09484210
Richard W. Hunnicutt III
State Bar No. 10279700
Josephine Lue

State Bar No. 24070180
*e-mail: rhunnicutt-svc@tjhlaw.com
**ATTORNYS FOR PLAINTIFFS**
*\*Service by e-mail to this address only*

# AFFIDAVIT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF BEXAR** | § |

**BEFORE ME**, the undersigned authority, personally appeared Richard W. Hunnicutt, III, who upon his oath stated,

"I am an attorney licensed to practice law in the State of Texas. I have been employed to represent Plaintiffs **ALEXANDRO PUGA** and **NORMA PUGA**, for the injuries suffered as a result of the incident which occurred on January 9, 2015. If the evidence involved in this incident, which is in the possession of the Defendants, **ABOUT TYME TRANSPORT, INC** and **XTRA LEASE, LLC** is in any way altered, crucial evidence may be forever lost to the Plaintiffs. The facts stated in the Application for Temporary Restraining Order and Temporary Injunction are true and correct.

Further, Affiant sayeth not."

_____
Richard W. Hunnicutt, III

SUBSCRIBED AND SWORN TO BEFORE ME, by the said Richard W. Hunnicutt, III, on the ___ day of _____, 2015 to certify which witness my hand and seal.

_____
Notary Public, State of Texas

MIRNA H. QUICK
Notary Public, State of Texas
My Commission Expires
January 27, 2018