UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALEXANDRO PUGA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-73 |
| § | |
| ABOUT TYME TRANSPORT, INC., *et al*, § | |
| § | |
| Defendant. § | |

## ORDER DENYING TRANSFER OF VENUE

This motor vehicle personal injury case was removed to this Court under diversity jurisdiction, 28 U.S.C. § 1332. Before the Court is "Defendant About Tyme Transport, Inc.'s Opposed Motion to Transfer Venue" (D.E. 9), along with "Defendant, Xtra Lease, LLC's Joinder in Motion to Transfer Venue" (D.E. 10). Defendants seek transfer from the Corpus Christi Division to the Victoria Division of the Southern District of Texas. For the reasons stated below, the Motion is DENIED.

The issue of transfer of venue is committed to the sound discretion of this Court. 28 U.S.C. § 1404(a); *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("[W]e review only for clear abuses of discretion that produce patently erroneous results."). A court may transfer venue (1) for the convenience of parties and witnesses, in the interests of justice, (2) to any other district or division where the action might have been brought. 28 U.S.C. § 1404(a). The burden of proof is on the movant to show good cause for the proposed transfer. *Volkswagen*, 545 F.3d at 314. According to the Fifth Circuit:

> This "good cause" burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled. When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Volkswagen*, 545 F.3d at 315.

The collision at issue in this case occurred on Highway 77 in Refugio County. Plaintiff Alexandro Puga was driving southbound in his work truck and Ronald Brown was driving northbound in a tractor owned by Defendant About Tyme Transport, Inc. (About Tyme), hauling a trailer owned by Defendant Xtra Lease, LLC (Xtra). According to Plaintiffs, Brown's tractor-trailer rig crossed the median and collided head-on with Puga's vehicle. D.E. 1-3. Plaintiffs sue About Tyme and Xtra under theories of respondeat superior, negligence, and gross negligence.

This action "might have been brought" in the Victoria Division of the Southern District of Texas because the incident occurred within that Division's geographic area. Thus the second requirement for transfer of venue is satisfied. The first prong of the test requires an analysis and weighing of several private and public interest factors that were first set out as governing *forum non conveniens* determinations and which were later applied to transfer of venue questions. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.

*Volkswagen*, 545 F.3d at 315. Each factor will be discussed below. As the Fifth Circuit observed, these factors "are not necessarily exhaustive or exclusive. Moreover, we have noted that 'none . . . can be said to be of dispositive weight.' " *Id*. (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## PRIVATE INTEREST FACTORS

**1. The relative ease of access to sources of proof**

Defendants emphasize that the accident site is located in the Victoria Division. About Tyme claims that "Most, if not all, of the witnesses in this case would live and work in counties served by the Victoria Division. There are no known witnesses to this accident who reside or work in the Corpus Christi Division." D.E. 9, p. 4. About Tyme has not identified any specific witnesses that would be required to prosecute or defend this case that live or work in the Victoria Division. Instead, it claims that such unidentified witnesses and emergency response records are "likely" to be in the Victoria

Division.  Last, the vehicles involved in the collision are located in Refugio, Texas, within the Victoria Division.

Plaintiffs respond that, as a result of the collision, Alexandro Puga was immediately transported to Christus Spohn Memorial Hospital in Corpus Christi before transfer to Brooke Army Medical Center in San Antonio.  Thus some of the medical records will be found in the Corpus Christi Division.  Nonetheless, most of the emergency responder records, according to Plaintiff, are available electronically and through simple requests.  Thus their original location is of little significance in this age of communications.

Both sides acknowledge that emergency responders were called in from Refugio and that the vehicles are located in Refugio, Texas.  That being the case, Plaintiff notes that Refugio is located roughly half-way between Victoria and Corpus Christi, where the respective division courthouses are located.  Thus there is little advantage, if any, to prosecuting this action in either division for access to sources of proof.

The Court finds that this factor is neutral.

2. **The availability of compulsory process to secure the attendance of witnesses**

A district court's subpoena power over non-party witnesses extends to 100 miles from where the person lives or works.  Fed. R. Civ. P. 45(c)(1)(A).  Neither party has identified a specific witness who will need to be subpoenaed for trial.  The Court, however, takes judicial notice that the distance by car between the Corpus Christi and Victoria courthouses is approximately 85 miles and that Refugio is located at roughly the half-way point, rendering the comparative subpoena powers of the two courts neutral.

3. **The cost of attendance for willing witnesses**

Again, because of the relative locations of the two courthouses and Refugio, Texas, the Defendants have not demonstrated that the cost of attendance for willing witnesses is greater in Corpus Christi than it would be in Victoria. Plaintiffs claim that the Corpus Christi International Airport makes travel to Corpus Christi easier than it is to Victoria, which does not have its own major airport. In fact, the closest such airport to Victoria is Corpus Christi's.

While Plaintiffs acknowledge that their residential status is in flux, they assert that Corpus Christi is more convenient for them now and that it will remain so in the foreseeable future. Given that Plaintiff Alexandro Puga did receive some medical treatment in Corpus Christi, Plaintiffs also anticipate that there will be witnesses who reside and work in Corpus Christi for whom a transfer to Victoria would be inconvenient. And one eyewitness to the collision, Rene Garza, is said to live closer to Corpus Christi than to Victoria. The Court finds that this factor weighs against transfer to Victoria.

4. **All other practical problems that make trial of a case easy, expeditious and inexpensive.**

While the listed factors are neither exhaustive nor exclusive, none of the parties suggested any additional practical problems to be weighed in the transfer analysis. This factor is neutral.

## PUBLIC INTEREST FACTORS

All of the public interest factors are neutral because Defendants have not addressed them and because the relative locations of the site of the collision and the two

courthouses renders no appreciable differences in administrative convenience, localized interests, familiarity with the law, or the resolution of conflicts of law.

## CONCLUSION

Weighing all of the factors together, the Court concludes that they weigh against transfer. Defendants have not demonstrated "good cause" for a transfer of the case to the Victoria Division, which requires a showing that the transferee venue is clearly more convenient than the current venue. The motions to transfer venue (D.E. 9, 10) are DENIED.

ORDERED this 13th day of March, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE