Case 2:15-cv-00073 Document 111 Filed in TXSD on 01/03/17 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEXANDRO PUGA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-73 |
| | § | |
| ABOUT TYME TRANSPORT, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO EXCLUDE

Before the Court is "Defendant RCX Solutions, Inc.'s Motion to Limit or Exclude the Testimony of Roger Allen" (D.E. 88), together with Plaintiffs' Response (D.E. 93) and Defendant's Reply (D.E. 96). Defendant states four objections to the expert testimony of Roger Allen: (1) it addresses conclusions of law; (2) it is not based on a reliable methodology; (3) it is contrary to the undisputed facts; and (4) it is unreliable. After due consideration, and for the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART, and Plaintiff's use of Allen's testimony is limited.

**1. Whether RCX was the statutory employer of Mr. Brown.**

The Court SUSTAINS the objection that Allen may not testify as to questions of law. For that reason, he may not testify to any conclusion as to whether RCX was Roger Brown's statutory employer. He may, however, testify as to standard practices in the industry and whether, as a matter of fact, RCX's conduct was that associated with the role of a motor carrier with respect to the transaction at issue and whether RCX used About Tyme's equipment to transport property.

The Court rejects RCX's argument that there must be a written or oral lease between the parties before the requirements of a statutory employer are triggered and that it is undisputed that no lease agreement had been formed. Thus the Court OVERRULES any objection to testimony regarding the factual bases for a finding that RCX was Brown's statutory employer. The Court further OVERRULES the objection that Allen's testimony is contrary to the undisputed facts.

The Court rejects RCX's argument that the settlement between Plaintiffs and About Tyme precludes any finding of liability against RCX. The Court concludes that Brown can have more than one employer with respect to this incident and that nothing in the Motor Carrier Act immunizes any employer based on payments by a separate financially responsible party.

The Court OVERRULES the reliability objection to Allen's testimony regarding facts underlying the statutory employer issue. Any inconsistency in Allen's testimony regarding About Tyme's liability, any suggestion that the expert is part of Plaintiffs' team, and any shift in opinion related to the About Tyme settlement may be the subject of cross-examination and impeachment, but is not a basis for excluding the opinion in its entirety.

2. **Whether RCX had operating control over the load.**

The issue of RCX's alleged control over the load is ultimately a question of law that follows fact findings regarding whether RCX acted as the carrier in the transaction and whether it used equipment owned by About Tyme. Thus, for the same reasons set out above, Allen may testify as to the underlying facts, but not as to whether RCX had

control over the load as a matter of law. Whether there was a lease between the parties is not determinative of this issue.

**3. Whether there should have been a lease between RCX and About Tyme.**

Again, Allen may not testify as to any legal requirement that the parties formed a lease or whether their conduct amounts to the formation of a lease. Those are matters of law and the Court SUSTAINS that objection to the testimony.

**4. The cause of the accident.**

Allen is not qualified as an accident reconstruction expert to testify as to the proximate cause(s) of the incident. Instead, he offers a meta-analysis of the factual evidence in this case. Because he is not qualified to render a causation opinion on his own and because his view of the evidence invades the province of the jury, the Court SUSTAINS RCX's objection and excludes this testimony. *See generally, Diamond Offshore Co. v. Survival Sys. Int'l, Inc.*, No. CIV.A. H-11-1701, 2013 WL 371648, at *10-11 (S.D. Tex. Jan. 29, 2013).

ORDERED this 3rd day of January, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE