United States District Court
Southern District of Texas
**ENTERED**
February 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALEXANDRO PUGA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-73 |
| § | |
| ABOUT TYME TRANSPORT, INC., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is Plaintiffs' Motion for Reconsideration (D.E. 113), asking the Court to vacate its dismissal of the independent negligence claims against Defendant RCX Solutions, Inc. (RCX). Plaintiffs argue that there is some evidence to raise a disputed issue of material fact on the issue of causation, thus preventing summary judgment. *See* Order (D.E. 110), granting in part and denying in part RCX's summary judgment motion. RCX has responded, claiming that the motion fails to satisfy the requirements of Rule 59(e) and that the Court's Order is, substantively, correct. While disagreeing with RCX's procedural argument, the Court DENIES the motion for reconsideration (D.E. 113) for the reasons set out below.

Federal Rules of Civil Procedure 59 and 60 apply only to motions that challenge final judgments. Plaintiffs' challenge is directed to an interlocutory order upon which no final judgment has been entered. Reconsideration of an interlocutory order is governed, instead, by Federal Rule of Civil Procedure 54(b). Under that rule, the Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for

cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414–15 (5th Cir.1993); *see also* 18B Charles Alan Wright et al, Federal Practice and Procedure § 4478.1 (2d. ed., online 2013).

Plaintiffs offer no new evidence or arguments in support of their motion. Instead, they suggest that, properly highlighted, their prior arguments and evidence will trigger a different result. As set out in the Court's Order (D.E. 110), Plaintiffs have failed to demonstrate that, if RCX had complied with the duties they allege RCX owed, the incident would have been prevented.

Under Texas law, proximate cause is comprised of cause in fact and foreseeability. *E.g.*, *Missouri Pac. R. Co. v. Am. Statesman*, 552 S.W.2d 99, 103 (Tex. 1977). Cause in fact "means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred." *Id*. While Plaintiffs argue that cause in fact exists, they have supplied no evidence to that effect.

Plaintiffs have offered only conclusory allegations and speculation with respect to cause in fact, an element of proximate cause. This is insufficient to defeat summary judgment. The Court DENIES Plaintiffs' motion for reconsideration (D.E. 113).

ORDERED this 21st day of February, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE