UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ALEXANDRO  PUGA, *et al*,               §
                                        §
        Plaintiffs,                     §
VS.                                     §        CIVIL ACTION NO. 2:15-CV-73
                                        §
ABOUT TYME TRANSPORT, INC., *et al*,    §
                                        §
        Defendants.                     §

## ORDER ON MOTION FOR
## CLARIFICATION OR RECONSIDERATION

On January 3, 2017, this Court entered its Order (D.E. 110), granting in part and

denying in part RCX Solutions, Inc.'s (RCX's) second motion for summary judgment

(D.E. 91).  *Puga v. About Tyme Transport, Inc.*, 2017 WL 25557 (S.D. Tex. 2017).  Now

before the Court is RCX's Motion for Clarification or Reconsideration (D.E. 122),

pursuant to Federal Rule of Civil Procedure 54(b), complaining of the Court's denial of

summary judgment on the statutory employer issue.  For the reasons set out below, the

Court DENIES the motion (D.E. 122).

### DISCUSSION

In relevant part and in RCX's words, the basis for relief that RCX originally

sought, but which the Court denied, was:

> RCX was, as a matter of law, **not** the DOT motor carrier for
> the load being hauled by Brown at the time of the collision
> because in order for RCX to be liable for Brown's conduct as
> his "statutory employer," there must be a lease agreement
> between RCX and Brown/About Tyme.  There was no lease
> agreement between those individuals/entities in this case and
> Plaintiffs' expert admits that fact . . . .

1 / 4

D.E. 91, pp. 3-4 (emphasis in original). Three issues are imbedded in this claim for summary judgment: (1) whether RCX was the DOT motor carrier for the load; (2) whether a lease agreement is required before statutory employer liability may be assessed; and (3) whether there was in fact a lease agreement. The Court denied RCX relief on all three issues.

First, there is a disputed issue of material fact regarding whether RCX was a responsible carrier. Evidence in favor of Plaintiffs includes the fact that RCX was the only party that had an agreement with Albea, L'Oreal, and/or Sunset Transportation to transport the load and was the carrier identified on the bill of lading. RCX had exclusive authority under its lease with Xtra Lease, LLC to transport the trailer. And RCX did not formally relinquish any of its authority when Brown/About Tyme stepped in to transport the load. By the same token, there is evidence contrary to Plaintiffs, such as About Tyme's own status as a motor carrier and use of its own motor carrier placard during the shipment, along with RCX's contention that it acted as a broker (without regulatory authority to do so) to assign the load to About Tyme as an independent carrier. Thus this fact issue may not be disposed of as a matter of law.

The problem with RCX's approach to the second and third issues, and what has apparently led to RCX's confusion, is that RCX substituted the term "lease agreement" for the statutory requirement of an "arrangement." It then tried to impose upon Plaintiffs that stricter standard of factual evidence. RCX now complains that the Court's rejection of its conflation of "lease agreement" and "arrangement" turns the law on its head

because the Department of Transportation is concerned with regulating only lease agreements and not any other arrangements.

The problem with this argument is that nothing in the Court's Order (D.E. 110) suggests that arrangements can be unrelated to what is normally involved in a lease and still trigger the statutory employer provision. It is axiomatic under the statute and this Court's prior ruling that the "arrangement" must pertain to the use of equipment to transport property. This is fully consistent with DOT regulations, which define a "lease" as "A *contract* or *arrangement* in which the owner grants the use of equipment, with or without driver, for a specified period to an authorized carrier for use in the regulated transportation of property, in exchange for compensation." 49 C.F.R. § 376.2 (emphasis added). So when the statute addresses a motor carrier's "arrangement" for the use of motor vehicles not owned by it to transport property, it is referring to a lease (but not necessarily a lease agreement) as defined by regulation.

RCX's premise in its motion that the statute required a "lease agreement" rather than an "arrangement" ignores the fact that, as applied to a motor carrier lease, a contract and an arrangement may be two different things. A "lease agreement" is not separately defined and connotes a lease as a contract (different from, and perhaps more formal or complete than, an arrangement). Because the statute uses "arrangement" and not "contract" or "agreement," this Court held that a full contract or agreement was not required.

Yet RCX's factual predicate for relief was that there was no contract or agreement. Even if this is true, it does not eliminate the prospect of an arrangement. Plaintiffs have

offered some evidence of an arrangement that places them within the statute. In that regard, it is undisputed that RCX permitted Brown/About Tyme to pick up the load from Albea and Brown was transporting it consistent with delivery to L'Oreal at the time of the collision. While we may not know the terms on which this occurred, and while there may not have been a full meeting of the minds on all material terms, a jury could infer from the undisputed facts already of record sufficient consent from RCX to make the scenario upon which Brown/About Tyme acted as a lease arrangement.

The parties have not made this Court aware of any argument in the context of this case that would allow the term "arrangement" to be used in a scenario that is not lease-like. And while RCX characterizes Plaintiffs' position as considering the statutory employer issue decided in their favor as a matter of law, Plaintiffs' response clearly acknowledges that the issue presents a question of fact for the jury. D.E. 123, p. 5.

## CONCLUSION

For the reasons set out above, the Court DENIES RCX's motion for clarification or reconsideration (D.E. 122).

ORDERED this 26th day of June, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE