1UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ALEXANDRO PUGA AND** | § | |
| **NORMA PUGA** | § | |
| *PLAINTIFFS* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.: 15-CV-73** |
| | § | |
| **ABOUT TYME TRANSPORT, INC.,** | § | |
| **XTRA LEASE, LLC AND RCX** | § | |
| **SOLUTIONS, INC.** | § | |
| *DEFENDANTS* | | |

## PLAINTIFFS' BRIEF IN SUPPORT OF JURY QUESTION ON UNLAWFUL BROKERAGE

COME NOW Plaintiffs ALEXANDRO PUGA and NORMA PUGA, and file this Brief in Support of Jury Question on whether RCX Solutions acted as an unlawful broker under 49 U.S.C. § 14916(c) and would respectfully show the Court the following:

## I.
## STATEMENT OF THE ARGUMENT

Plaintiffs plead in their Second Amended Complaint that RCX Solutions, Inc. could not lawfully be a broker.  DE 78, p. 6. (July 19, 2016).  Defendants violated 49 U.S.C. section 13902(a)(6) which states that an entity cannot broker loads without first applying for and receiving a license to operate as a broker.  *Id.* at Paragraph 32.  A cause of action exists under the federal statute and Plaintiffs cited to the provision in their live complaint:

> 33.   A broker who knowingly engages in interstate brokerage without the required operating authority is liable to the United States for a civil penalty and can be liable to any injured party for all valid claims regardless of the amount pursuant to 49 U.S.C. § 14916(c).

During opening statements in this case, Defendant stated that the jury should consider "what happened and not what was supposed to happen."  "What happened" according to defense

counsel was that RCX Solutions brokered the load, and they did not have a broker's license. They acknowledge that "what was supposed to happen" is that they should have had a broker's license, and this failure to comply with federal law makes them potentially subject to a $10,000 fine; it makes them bad boys, but it doesn't make them responsible to the Pugas.  Defendant is wrong.

The $10,000 fine is what they could be liable to the United Stated for, but the other part of the provision provides for a private cause of action:

> Any person who knowingly authorizes, consents to, or permits, directly or indirectly, either alone or in conjunction with any other person, a violation of subsection (a) is liable--
> ….
> (2) to the injured party for all valid claims incurred without regard to amount.

49 U.S.C. section 14916(c).

During Defendant's first opportunity to speak to the jury panel, they admit to violating the FMCSA, they admit that they could be subject to a $10,000 fine, and now Plaintiffs are holding them accountable for the entirety of that statutory provision.  By opening with a characterization that they are merely bad boys and then citing to a $10,000 fine to the United States, they invited this issue.  Based on the representations of Defendant, Plaintiffs elicited testimony from their expert Roger Allen, that if RCX Solutions was brokering, their actions would be illegal.  Evidence exists to submit an unlawful broker question to the jury.

## II.
## LAW

A pre-trial order controls the scope and course of trial; a claim or issue not included in the order is waived, unless presented at trial without objection. *Arsement v. Spinnaker Expl. Co., LLC*, 400 F.3d 238, 245–46 (5th Cir. 2005) (citing FED. R. CIV. P. 16(e); *e.g. Sobley v. Southern*

*Natural Gas Co.*, 302 F.3d 325, 333 (5th Cir.2002); *Wallin v. Fuller*, 476 F.2d 1204, 1210 (5th

Cir.1973)). In the *Arsement* case, Chapter 95 was not cited in the pre-trial order but each of its

elements was present at trial, and the issue was whether defendant could rely on Chapter 95 for

the first time in its post-trial motion. *Id.* at 245. Defendant contended that even if Chapter 95

was not cited at trial, the trial was conducted nevertheless using Texas premises liability law; and

Chapter 95 is the law applicable to premises owners, such as defendant. *Id.* Defendant

maintained there was no duty to plead Chapter 95 affirmatively. *Id.* Plaintiff claimed that the

defendant could not introduce a new theory of law without filing a motion for leave to amend the

pleadings. *Id.*

The Court stated that Chapter 95's plain language does not require an affirmative

pleading. *Id.* at 246. The Chapter states it applies to claims "for damages caused by negligence"

against property owners who "own property primarily used for commercial or business

purposes" *Id.* (citing TEX. CIV. PRAC. & REM CODE. § 95.001). Further, Texas courts have found

Chapter 95 is the exclusive remedy for negligence claims of the kind asserted by Plaintiff against

Defendant. *Id.* at 247 (citations omitted). Thus, as to defendant, the pre-trial order's invocation

of "Texas substantive law" and issues of control, knowledge, and failure to warn must involve

Chapter 95. *Id.*

The court stated that no predicate pleading is required to invoke that Chapter. *Id.* Further,

it had been in effect for four years before Plaintiff's injury. *Id.* "It goes without saying that

every person is presumed to know the law." *Id.* (citing *E.g., Ramsey v. Georgia–Pacific

Corp.*, 597 F.2d 890, 894 (5th Cir.1979) (presuming parties were aware of controlling statute

passed four years earlier); *Edwards v. U.S.*, 334 F.2d 360, 366 (5th Cir.1964), *cert. denied,* 379

U.S. 1000, 85 S.Ct. 721, 13 L.Ed.2d 702 (1965)). Although Chapter 95 was not cited prior to

3

Defendant's post-trial JMOL motion, several of its elements including control and actual knowledge were also present for common-law liability and underlaid the whole trial. *Id.*

The Ninth Circuit has gone further and stated that a pretrial order should be liberally construed to permit evidence and theories at trial that can fairly be said to be embraced within its language. *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 885–87 (9th Cir. 1981). But particular evidence or theories which are not at least implicitly included in the order are barred unless the order is first "modified to prevent manifest injustice." *Id.* at 887. Also a pretrial order is not jurisdictional: it is to assist the court and the parties in narrowing issues for trial. *In re Massoud*, 248 B.R. 160, 163 (B.A.P. 9th Cir. 2000). "A pretrial order may be amended informally by a trial court's findings when facts supporting those findings were put before the court." *Id.* (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 368 (9th Cir.1985)).

Generally, a district court has broad discretion in deciding whether to admit into evidence exhibits not listed in a pretrial order. *DSC Communications Corp. v. Next Level Communications*, 107 F.3d 322 (5th Cir. 1997); *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112 (5th Cir. 1983).

### III.
### ANALYSIS

Here, an unlawful brokerage question was not included in the Plaintiffs' submitted proposed charge. However, unlike the *Arsement* case, where Chapter 95 was not raised as a defense, Plaintiff plead unlawful brokerage in their live Complaint. *See* DE 78, p. 6. Like the *Arsement* case, evidence has been elicited that RCX Solutions knowingly acted as an unlawful broker in violation of 49 U.S.C. section 14916. Furthermore, Defendant questioned Roger Allen repeatedly and accused him of having only one opinion in this case; that RCX Solutions, Inc. does not have a broker's license. The illegal brokerage issue has underlaid the whole trial. *Cf.*

*Arsement v. Spinnaker Expl. Co., LLC*, 400 F.3d 238, 245–46 (5th Cir. 2005).  Also, we need not presume that Defendant is not aware of the statute because they referenced the civil penalties throughout the trial.  *Cf id.* (citing *E.g., Ramsey v. Georgia–Pacific Corp.*, 597 F.2d 890, 894 (5th Cir.1979) (presuming parties were aware of controlling statute passed four years earlier); *see also* 13 Am. Jur. 2d Carriers § 138 (stating that 49 U.S.C.A. § 14916(c) as added July 6, 2012, provides that any person who knowingly authorizes, consents to, or permits, directly or indirectly, either alone or in conjunction with any other person, a violation of 49 U.S.C.A. § 14916(a) is liable to the United States government for a civil penalty in an amount not to exceed $10,000 for each violation, and to the injured party for all valid claims incurred without regard to amount).  49 U.S.C.A section 14916(c) was passed two and a half years before this collision and evidence shows that Defendant knowingly acted as an unlawful broker in direct and flagrant violation of the law.

**WHEREFORE**, Plaintiffs requests this Court use its broad discretion to allow Plaintiffs to submit a jury question on whether RCX Solutions, Inc. was an illegal broker and allow amendment or modification of the pretrial order to conform with the evidence in this case and to prevent manifest injustice.

RESPECTFULLY SUBMITTED,

**THE LAW OFFICES OF THOMAS J. HENRY**
5711 UNIVERSITY HEIGHTS BLVD., SUITE 101
SAN ANTONIO, TEXAS 78229
PHONE: (210) 656-1000
FAX: (361) 985-0601

BY:     ***/S/ RICHARD HUNNICUTT, III***
THOMAS J. HENRY
Federal Admission No.: 12980
STATE BAR NO. 09484210

RICHARD HUNNICUTT, III
Federal Admission No.: 17838
STATE BAR NO. 10279700
*rhunnicutt-svc@tjhlaw.com**
Service by Email to this address only*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been delivered to

the individual identified below, by the method of service indicated on this the 20th day of July 2017.

***Via CM/ECF:***
WILLIAM R. MOYE
ANDREW J. McCLUGGAGE
One Riverway, Suite 1600 Houston
Texas 77056
Tel: (713) 403-8210
Fax: (713) 403-8299
COUNSEL FOR RCX SOLUTIONS, INC.

*/s/ RICHARD HUNNICUTT, III*
RICHARD HUNNICUTT, III