UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| ALEXANDRO PUGA, *et al*, | § | |
| --- | --- | --- |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-00073 |
| | § | |
| RCX SOLUTIONS, INC. | § | |
| | § | |
| Defendant. | § | |

## **CHARGE OF THE COURT**

**MEMBERS OF THE JURY:**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.

Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom.

You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

**Burden of Proof.** Plaintiffs Alexandro and Norma Puga have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs Alexandro and Norma Puga have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

**Evidence.** The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

You are not to consider evidence of a plaintiff's settlement with another party for any purpose other than to show its effect, if any, of causing bias or prejudice, if any, on the part of a testifying witness.

**Witnesses.** You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the

witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Expert Witnesses**. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

**No Inference from Filing Suit**. The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.

Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**Duty to Deliberate; Notes.** It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form

and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED this 21st day of July, 2017.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

## **DEFINITIONS**

"**NEGLIGENCE**" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"**ORDINARY CARE**" means that degree of care that would be used of a person of ordinary prudence under the same or similar circumstances.

"**PROXIMATE CAUSE**" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

## **QUESTION NO. 1**

Did the negligence, if any, of Ronald Brown proximately cause the occurrence in question?

Answer "Yes" or "No":

Answer: _Yes_

## QUESTION NO. 2

At the time of the collision between Ronald Brown and Alexandro Puga, was RCX Solutions, Inc. using motor vehicle(s) it did not own to transport property under an arrangement with Ronald Brown?

Answer "Yes" or "No."

Answer: __Yes__

You are instructed that any monetary recovery for loss of earnings, loss of earning capacity is subject to state and federal income taxes.

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Alexandro Puga for his injuries, if any, that resulted from the occurrence in question?

Do not include any amount for any condition that did not result from the occurrence in question.

Do not include any amount of money for any condition existing before or not resulting from the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

Do not reduce the amounts, if any, on the basis that Alexandro Puga may or may not have received monies in settlement from another person. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer in dollars and cents for damages, if any.

a. Medical care expenses incurred in the past.

Answer: $192,831.98

b. Medical care expenses that, in reasonable probability, will be incurred in the future.

Answer: $1,256,095.20

c. Loss of earning capacity sustained in the past.

Answer: $67,000.00

d.     Loss of earning capacity that, in reasonable probability, will be sustained in the future.

Answer: $742,663.00

e.     Physical pain and mental anguish sustained in the past.

Answer: $2,600,000.00

f.     Physical pain and mental anguish that, in reasonable probability, will be sustained in the future.

Answer: $625,000.00

g.     Physical impairment sustained in the past.

Answer: $920,000.00

h.     Physical impairment that, in reasonable probability, will be sustained in the future.

Answer: $218,000.00

i.     Physical disfigurement sustained in the past.

Answer: $965,000.00

j.     Physical disfigurement that, in reasonable probability, will be sustained in the future.

Answer: $00.00

## QUESTION NO. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Norma Puga for injuries, if any, to her husband, Alexandro Puga, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Do not reduce the amounts, if any, on the basis that Norma Puga may or may not have received monies in settlement from another person. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Answer separately, in dollars and cents, for damages, if any.

    1. Loss of household services sustained in the past.

    "Household services" means the performance of household and domestic duties by a spouse to the marriage.

    Answer: $2,426.00

    2. Loss of household services that, in reasonable probability, Norma Puga will sustain in the future.

    Answer: $286,650.00

    3. Loss of consortium in the past.

    "Consortium" means the mutual right of the husband and wife to that affection, solace, comfort, companionship, society, assistance, sexual relations, emotional support, love, and felicity necessary to a successful marriage.

    Answer: $1,600,000.00

    4. Loss of consortium that, in reasonable probability, Norma Puga will sustain in the future.

    Answer: $1,800,000.00

## **VERDICT CERTIFICATE**

Our verdict is unanimous. All 8 of us have agreed to each and every answer. The presiding juror has signed the certificate for all 8 of us.


Signature of Presiding Juror


Printed Name of Presiding Juror

7/21/17
Date Signed