UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ALEXANDRO PUGA AND** | § | |
| **NORMA PUGA** | § | |
| *PLAINTIFFS* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.: 15-CV-73** |
| | § | |
| **ABOUT TYME TRANSPORT, INC.,** | § | |
| **XTRA LEASE, LLC AND RCX** | § | |
| **SOLUTIONS, INC.** | § | |
| *DEFENDANTS* | | |

## PLAINTIFFS' MOTION TO ENTER JUDGMENT

Plaintiffs Alexandro Puga and Norma Puga ask the Court to order the clerk to enter the judgment against Defendant RCX Solutions, Inc. based on the jury's findings.

### A.  INTRODUCTION

1. Plaintiffs are Alexandro Puga and Norma Puga; Defendant is RCX Solutions, Inc.

2. Plaintiffs sued Defendant for damages arising from a motor vehicle collision which occurred on January 9, 2015.  Plaintiff ALEXANDRO PUGA was operating a 2012 Dodge work truck heading southbound on Highway 77 in Refugio County, Texas. Ronald Brown, deceased, was operating a 2006 tractor owned by ABOUT TYME TRANSPORT, INC, and hauling a trailer owned by XTRA LEASE, LLC. The trailer had been leased to Defendant RCX SOLUTIONS, INC.  Mr. Brown was on his cell phone headed northbound on Highway 77 in Refugio County, Texas in wet and rainy conditions when he lost control of the vehicle, crossed the grassy median, entered the southbound lanes and struck Plaintiff's vehicle head-on.  A fire broke out.  The incident resulted in the death of Ronald Brown and caused injuries to Alexandro Puga.

1

3.   The critical issue in the case was whether Ronald Brown, the driver of the tractor trailer was the statutory employee of RCX Solutions, Inc. Plaintiffs alleged that Ronald Brown was operating the tractor trailer as a statutory employee of RCX Solutions, Inc. (under the statutory employer doctrine 49 U.S.C. §11107(a)(4); 49 C.F.R. § 376.12(c)(1) and 49 C.F.R. § 390.5(defining "employee")).

4.   Plaintiffs contended that under the FMCSA, when a carrier hires a driver to transport a shipment, they are the driver's statutory employer and the carrier has statutory control over the equipment and the driver to support vicarious liability.  Plaintiffs claimed that based on a number of facts including but not limited to the customer relationship, bill of lading, other documents, and testimony from employees that the Defendant company, RCX Solutions, Inc. was treating Ronald Brown as their statutory employee when they dispatched him to pick up a load which they were unable to carry using their own equipment due to a breakdown.

5.   RCX Solutions, Inc. claimed that they acted as a broker and was not the motor carrier in charge of the load.  On motions for summary judgment, they claimed that a written lease was required for a finding of statutory employer and that Plaintiffs had already settled with About Tyme Transport, Inc. which was an authorized motor carrier themselves. The Court disagreed with Defendant's arguments and concluded that a written lease was not required for Defendant to be a statutory employer, and that a driver can have more than one employer.

6.   Plaintiffs adopt by reference all responses to Motions for Summary Judgment and their Response in Opposition to Defendant's Motion for Clarification/Reconsideration.

7. The Court submitted a factual question to the jury of whether at the time of the collision between Mr. Brown and Mr. Puga, RCX was using motor vehicles it did not own to transport property under an arrangement with Ronald Brown.  (Source: 49 U.S.C § 14102(a)).  A positive response by the jury would support a legal conclusion that RCX Solutions, Inc. was the statutory employer of Ronald Brown.

8. Based on the Court's rulings on the motions for summary judgment, denial of Defendant's Motion for Clarification/Reconsideration and based on the jury's fact finding Defendant RCX Solutions, Inc. is vicariously liable for the actions of Ronald Brown.

## B.  ARGUMENT

9. A court must promptly approve the form of the judgment, which the clerk must promptly enter, when (1) the jury returns a special verdict, (2) the jury returns a general verdict with answers to written questions, or (3) the court grants other relief not described in rule 58(b).  FED. R. CIV. P. 58(b)(2); *see Casey v. Long Island R.R.*, 406 F.3d 142, 144 (2d Cir. 2005).

10. On July 21, 2017, the jury returned a general verdict with answers to written questions in favor of Plaintiffs and against the Defendant.

11. To date the clerk has not properly prepared, signed, and entered the judgment.

12. Thus, the Court should approve the form of the judgment and order the clerk to enter the judgment for Plaintiff Alexandro Puga against Defendant for $7,586,590.18, for Plaintiff Norma Puga against Defendant for $3,689,076.00, and their court costs from Defendant.

13. Additionally, the Court awards prejudgment interest at the annual rate of five (5) percent, to be paid from March 9, 2016 until the date of the entry of this judgment.

14. Post judgment interest is payable on all of the above amounts allowable by law at the rate of five (5) percent, from the date this judgment is entered until the date this judgment is paid.

## C.  CONCLUSION

Based on the Court's rulings on the Motions for Summary Judgment, denial of Defendant's Motion for Reconsideration/Clarification and based on the jury's fact finding, Defendant RCX Solutions, Inc. is the statutory employer of Ronald Brown on the date in question pursuant to the statutory employer doctrine (49 U.S.C. §11107(a)(4); 49 C.F.R. § 376.12(c)(1) and 49 C.F.R. § 390.5(defining "employee")) and is therefore vicariously liable for the negligence of Ronald Brown, which the jury found was the proximate cause of the occurrence. For these reasons, Plaintiffs ask the Court to approve the form of the judgment and order the clerk to enter the judgment.

RESPECTFULLY SUBMITTED,

**THE LAW OFFICES OF THOMAS J. HENRY**
5711 UNIVERSITY HEIGHTS BLVD., SUITE 101
SAN ANTONIO, TEXAS 78249
PHONE: (210) 656-1000
FAX: (361) 985-0601

BY:    **/S/ RICHARD HUNNICUTT, III**
THOMAS J. HENRY
Federal Admission No.: 12980
STATE BAR NO. 09484210
RICHARD HUNNICUTT, III
Federal Admission No.: 17838
STATE BAR NO. 10279700
rhunnicutt-svc@tjhlaw.com*
Service by Email to this address only*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been delivered to

the individual identified below, by the method of service indicated on August 14, 2017.

***Via E-service thru CM/ECF:***
WILLIAM R. MOYE
ANDREW J. McCLUGGAGE
One Riverway, Suite 1600 Houston
Texas 77056
Tel: (713) 403-8210
Fax: (713) 403-8299
COUNSEL FOR RCX SOLUTIONS, INC.

> */s/ RICHARD HUNNICUTT, III*
> RICHARD HUNNICUTT, III

5